ERICK OLSON *vs.* MARY A. CREMER and another.

April 30, 1890.

Due-Bill given in Settlement.—*Held* that, under the undisputed evidence in this case, the instructions of the trial court to the jury were correct.

Action in the district court for Ramsey county, to recover $325 and interest, on an alleged agreement as to division of commissions which is stated in the opinion. Defence, among others, a settlement and the delivery and acceptance of defendants' due-bill for $100 in full of plaintiff's claim. Trial before *Wilkin*, J., the principal issue being as to the acceptance of the due-bill in full settlement, the court

instructing the jury that if it was so accepted, plaintiff could recover only the amount of it, less $47 already paid; and that if it were not so accepted, the plaintiff was entitled to recover $325 less the $47 paid. The jury found for plaintiff, a new trial was refused, judgment for $356.61 was entered on the verdict, and the defendants appealed.

*H. C. McCartey*, for appellants.

*H. L. Williams*, for respondent.

MITCHELL, J. We think that appellants' counsel may have been somewhat misled by the trial judge's memorandum, to which, rather than the record, his argument seems directed. The case turns upon the state of the evidence rather than upon what is admitted in the pleadings. The undisputed evidence is that plaintiff had a general agreement with Cremer, who was engaged in the real-estate agency business, that he should have half the commissions on all sales of property listed in Cremer's office for which he procured the purchasers; that subsequently Hammer came into the business as a partner of Cremer; that thereupon, and before the sale in question was closed, plaintiff had an understanding with Hammer that the previous arrangement with Cremer was to be continued with the firm of Cremer & Hammer; that plaintiff found a purchaser to whom a piece of property was sold after Hammer became a member of the firm, and on which the firm received a commission of $650. Defendants did not offer any evidence to controvert any of these facts. Upon this state of the evidence, the court correctly instructed the jury that the only issue was whether plaintiff had accepted from defendants a certain due-bill in full settlement for his share of the commission. Upon the evidence, this was fairly a question for the jury.

Judgment affirmed.